OPINION
The Defendant-Appellant, James E. Miller ("appellant"), appeals the decision of the Allen County Court of Common Pleas adjudicating him to be a sexual predator pursuant to R.C. 2950.09. For the following reasons, we affirm the judgment of the trial court.
The pertinent facts of the case are as follows. In 1984, the appellant was charged with five counts of aggravated rape. Pursuant to a plea agreement, the appellant pled guilty to four counts of rape in exchange for the fifth count being dismissed. The victim of these rapes was the appellant's seven year-old stepdaughter. The appellant was sentenced to confinement in the Ohio Department of Rehabilitation and Corrections for a term of not less than seven years, nor more than twenty-five years, on each of the four counts.
While serving his term in prison, the Ohio Department of Rehabilitation recommended the appellant be classified as a sexual predator. A hearing was held on April 9, 1999, in the Allen County Court of Common Pleas. At the conclusion of the hearing, the trial court found that the appellant was a sexual predator pursuant to R.C. 2950.09.
The Appellant now asserts two assignments of error.
ASSIGNMENT OF ERROR NO. 1
 Ohio Revised Code Chapter 2950 et. seq., as applied to appellate [sic], is unconstitutional in that it violates defendant's protections of Section 1, Article 1, Section 16, Article 1, and Section 21, Article 1 of the Ohio Constitution as described in State v. Williams, Lake Appellate No. 97-L-191, Court of Appeals, 11th District, unreported.
 In his first assignment of error, the appellant contends that R.C. 2950 violates Article I, Sections 1 and 16 of the Ohio Constitution. Specifically, the appellant contends that the statute is an invalid use of the state's police power in that it is an unreasonable and arbitrary infringement upon an individual's privacy rights.
In the case before us, the appellant relies upon the decision of the Eleventh District Court of Appeals in State v. Williams
(Feb. 2, 1999), Lake App. No. 97-L-191, unreported, discretionary appeal granted (1999), 86 Ohio St.3d 1406. In Williams, the court found R.C. 2950 unconstitutional on the grounds that it violates Article I, Section 1 of the Ohio Constitution. This Court recently addressed the same issue in State v. Marker (Sept. 1, 1999), Seneca App. No. 13-99-05, unreported. In Marker, we upheld the constitutionality of R.C. 2950 by finding that it constitutes a valid use of the state's police power and is not an unreasonable or arbitrary infringement upon an individual's privacy rights.
We have not changed our position on this issue and continue to follow our decision in Marker. Accordingly, the appellant's first assignment of error is overruled.
ASSIGNMENT OF ERROR NO. 2
 The trial court's determination that defendant was a sexual predator, as defined in O.R.C. § 2950.01(E), is contrary to the manifest weight of the evidence.
The appellant asserts in his second assignment of error that the trial court erred in finding that he is a sexual predator. Specifically, the appellant maintains that the trial court's decision is not supported by the manifest weight of the evidence. For the following reasons, we do not agree.
We first note that R.C. 2950.01(E) defines the term "sexual predator" as follows:
 A person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses.
R.C. 2950.09(B) (2) sets forth the factors that a trial court should consider when deciding an offender's status as a sexual predator:
 In making a determination * * * as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense;
 (d) Whether the sexually oriented offense * * * involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented * * * displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
R.C. 2950.09(C) (2) states that after reviewing all testimony, evidence, and the factors listed in R.C. 2950.09(B) (2), the court "shall determine by clear and convincing evidence whether the offender is a sexual predator." The Supreme Court of Ohio in Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus, stated the following with respect to the term "clear and convincing evidence:"
 [It] is that measure or degree of proof which is more than a mere `preponderance of the evidence,' but not to the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.
See, also, State v. Schiebel (1990), 55 Ohio St.3d 71, 74.
The standard for reversal for manifest weight of the evidence has been summarized as follows:
 The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Thompkins (1997), 78 Ohio St.3d 380, 387, citing State v.Martin (1983), 20 Ohio App.3d 172, 175.
In the case before us, the evidence shows that for over a 1 to 1 + year period, the appellant sexually molested his stepdaughter. The victim was seven-years of age when the abuse began. The appellant was approximately 41 years old at the time he committed the rapes. The appellant would tie the victim to the bed and would force her to perform oral and anal sex with him. These attacks would always occur when the victim's mother was at work. The appellant admitted to having some sort of sexual contact with the victim on a total of approximately 20 occasions over the 1 to 1 + year period. The evidence further indicated that the appellant expressed to his wife that it would be appropriate for him to teach the seven year old about sex.
In the appellant's favor, evidence was presented to show that he had no prior juvenile or adult record for criminal offenses. The appellant provided the trial court with proof that he had participated in various programs while being incarcerated, including attending and earning an associate's degree from Hocking College and attending and graduating from the Polaris Program. While the appellant successfully completed the Polaris Program, the psychologist recognized in 1995 that there were still some high-risk situations for the appellant including pornography and dishonesty and that contact with young or adolescent girls should not be allowed.
The trial court carefully weighed all the relevant factors set forth in R.C. 2950.09(B) (2). The court specifically based its determination on the fact that the victim was seven years-old, the appellant forcibly tied her down and engaged in anal and oral sex over 20 times, the appellant admitted to having a sexual addiction, and that he told his wife that it would be best if he taught the victim about sex. The court found these acts cruel in and of themselves. Thus, the court had sufficient evidence before it from which to determine by clear and convincing evidence that the defendant is likely to commit sexually oriented offenses in the future. Consequently, we cannot find that the trial court's determination that the appellant was a sexual predator is against the manifest weight of the evidence. The appellant's second assignment of error is overruled.
Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
BRYANT, P.J., and WALTERS, J., concur.